IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JAMES WESLEY SCOTT, # 20590**                                           **PETITIONER**

**v.**                        **CIVIL ACTION NO. 2:18-cv-156-TBM-LGI**

**JACQULINE BANKS**                                                  **RESPONDENT**

## ORDER

*Pro se* Petitioner James Wesley Scott filed two Motions [24, 25] which the Court construes as motions to reconsider its Order [16] denying a Certificate of Appealability. Along with his Motions he filed three documents purporting to be warrants dated July 3, 2009. [26-1; 26-2; 26-3]. These warrants did not appear in the state court record, and this is the first time Scott has presented them to this Court. The Court is bound to conduct its habeas review based only on the evidence on the state court record, and, regardless, these warrants would not change the Court's analysis of Scott's Petition. Neither his Motions nor the new alleged evidence presented support granting a Certificate of Appealability.

### I. BACKGROUND

Scott filed a habeas petition under 28 U.S.C. § 2254 seeking relief from his state conviction on ten grounds. On September 30, 2021, this Court adopted the Magistrate Judge's Report and Recommendation and entered Final Judgment dismissing Scott's Petition. [17]; [18]. On the same day the Court also denied Scott a Certificate of Appealability as to the Court's judgment. [19]. On October 21, 2021, Scott filed a Notice of Appeal [20]. On January 11, 2022, Scott filed two Motions. The first, entitled Motion to Supplement [24], merely states that Scott filed it in order to comply

with the Certificate of Appealability requirements. The second, entitled Application for Certificate of Appealability [25], requests the Court grant a Certificate. The Court construes both Motions as requests for the Court to reconsider its Order denying a Certificate of Appealability.[1]

## II. DISCUSSION

To be entitled to a Certificate of Appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must show: "(1) that reasonable jurists would find this Court's 'assessment of the constitutional claims debatable or wrong,' or (2) that reasonable jurists would find 'it debatable whether the petition states a valid claim of the denial of a constitutional right' and 'debatable whether [this Court] was correct in its procedural ruling.'" *Wilson v. Epps*, No. 5:07-cv-165-DCB, 2010 WL 3909691, at *2 (S.D. Miss. Oct. 1, 2010) (alteration in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). This Court determined in its original Order denying a Certificate of Appealability that Scott "failed to make a substantial showing of the denial of a constitutional right." [19], pg. 1. The text of Scott's new Motions and supporting memorandum simply reassert the arguments he has made previously, and thus do not present any basis for the Court to reconsider its prior ruling. *See Wilson*, 2010 WL 3909691, at *2 ("Because this Court had

---

[1] "Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure." *Mack v. Warden, La. State Penitentiary*, No. CIV.A. 11-0735, 2012 WL 1600091, at *1 (W.D. La. May 7, 2012). Because Scott's Motions were filed more than twenty-eight days after the Court denied a Certificate of Appealability, his Motions would typically be construed as motions for relief under Rule 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citing *Tex. A & M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)). However, Rule 60(b) may not be an appropriate vehicle by which to reexamine a denial of a Certificate of Appealability in a habeas case. *See United States v. Kelley*, No. 3:18-cr-00147, 2020 WL 3964766, at *1 (W.D. La. July 13, 2020); *United States v. Davis*, No. CRIM.A. 10-036, 2014 WL 2625004, at *3 (E.D. La. June 12, 2014). Regardless, no matter how Scott's Motions are framed or by which standards they are analyzed by, they fail for the reasons explained in this Order.

already denied a COA as to the issues raised in Petitioner's Motion to Reconsider and Petitioner raises no new arguments, the Court therefore denies the Motion.").

But, along with his Motions, Scott filed three exhibits. [26-1; 26-2; 26-3].[2] Scott alleges these documents—dated July 3, 2009—are warrants for his arrest. The existence or non-existence of these warrants were part of the Mississippi Court of Appeals' discussion of Scott's constitutional speedy trial claim. Scott asserted that the length of delay factor under *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972) should be calculated from November 2009, when Scott first turned himself in to law enforcement. However, the Mississippi Court of Appeals calculated the length of delay from his indictment on September 26, 2011. *Scott v. State*, 231 So. 3d 1024, 1043 (Miss. Ct. App. 2016), *aff'd*, 231 So. 3d 995 (Miss. 2017). The Mississippi Court of Appeals explained that:

> Under the constitutional speedy-trial analysis, the right attaches at the arrest or indictment. Scott asserts he turned himself in to police on an arrest warrant from the incident in October or November 2009. There is evidence that Scott served a prison sentence until February 6, 2011. Scott alleges he served the remainder of another sentence due to an MDOC revocation based on his arrest for the July 3, 2009 incident. The record, however, does not fully support Scott's contention that he was first arrested in late 2009 for this crime.
>
> Regardless, the record indicates that an indictment and capias were executed on September 26, 2011. Further, the trial did not commence until August 19, 2014. This results in a delay of 1,059 days.

*Id.* A defendant's right to speedy trial "attach[es] only when [a defendant] is 'formally charged with a crime or actually restrained *in connection* with that crime.'" *Cowart v. Hargett*, 16 F.3d 642, 645 (5th Cir. 1994) (emphasis added) (quoting *Dickerson v. Guste*, 932 F.2d 1142, 1144 (5th Cir.

---

[2] Along with the alleged warrants, Scott also filed three photographs with his Motions. [26-4; 26-5]. Unlike the alleged warrants, these photographs of the crime scene were already in the state court record and were reviewed by this Court prior to issuing Final Judgment. *See* [12-1], pp. 24, 64-65. These photographs do not present any additional ground for granting a Certificate of Appealability.

3

1991), *cert. denied*, 502 U.S. 875, 112 S. Ct. 214, 116 L. Ed. 2d 172 (1991)). The Mississippi Court of Appeals essentially found that Scott's pre-indictment detention was in connection to his Earned Supervised Release violation and suspension rather than his new crimes. *See* [17], pp. 10-12. But even with the shorter length of delay, the Mississippi Court of Appeals found that this factor weighed in Scott's favor. *Scott*, 231 So. 3d at 1043. [3]

This Court found that the Mississippi Court of Appeals' determination of the length of delay was not unreasonable. [17], pg. 12. In so doing, the Court noted that no 2009 warrants appeared in the record—though a detective at trial testified to procuring such warrants. *Id.* at 11. The Court determined that Scott had failed to rebut with clear and convincing evidence the state court's presumption of correctness regarding this factual determination. *See Vollmer v. Davis*, 673 F. App'x 406, 410 (5th Cir. 2016) (quoting 28 U.S.C. § 2254(e)(1)). Additionally, the Court explained that even if the delay were calculated from the date Scott sought, the resulting four-year, nine-month, and ten-day pretrial delay would still be short of the five-year time period where courts presume *Barker*'s prejudice factor has been met. [17], pg. 10.

Now, for the first time, Scott presents documents that he alleges are the 2009 warrants. Scott does not explain how he obtained these documents or why they were never in the record in the first place. He claims the warrants demonstrate that he was arrested in 2009 for the felonies

---

[3] Even though both this Court and the Mississippi Court of Appeals weighed the length of delay factor in favor of Scott regardless of the existence of the warrants, the Court notes that much of its speedy trial analysis in the Order Adopting the Report and Recommendation [17] centered on the Mississippi Court of Appeals' finding that Scott's pre-indictment incarceration related to his Earned Supervised Release revocation rather than the crimes on appeal. [17], pp. 9-22. Thus, when the Court analyzed each of the four *Barker* factors, it considered Scott's speedy trial rights from the moment he was indicted in 2011, not when he was first arrested in 2009. *Id.* Because the existence or nonexistence of these warrants is relevant to the determination of the reason for Scott's pre-indictment incarceration, and because the reason for Scott's pre-indictment incarceration played a role in the Court's analysis of each of the *Barker* factors, the Court finds it worthwhile to discuss the purported warrants Scott produces for the first time. As this Order details, though, this new evidence fails to call into question the Order Adopting the Report and Recommendation [17] or support a Certificate of Appealability.

4

currently before the Court rather than his Earned Supervised Release revocation. Thus, he argues, the Mississippi Court of Appeals erred by calculating his speedy trial delay from his 2011 indictment.

However, introducing these alleged warrants at this late hour is of no avail to Scott. When a claim has already been adjudicated on the merits in state court, habeas review under 28 U.S. § 2254(d)(1) is limited to the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011); *see also Lewis v. Thaler*, 701 F.3d 783, 791 (5th Cir. 2012) ("The import of *Pinholster* is clear: because [the petitioner's] claims have already been adjudicated on the merits, § 2254 limits our review to the record that was before the state court."). New evidence may only be entertained in such a case when the petitioner can show that he would be entitled to habeas relief based on the state court record alone. *Broadnax v. Lumpkin*, 987 F.3d 400, 406-07 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 859 (2022). The Fifth Circuit has hinted that a narrow exception to *Pinholster* might exist when new evidence "fundamentally alters" an adjudicated claim such that it becomes a new claim. *See Broadnax*, 987 F.3d at 408 (quoting *Nelson v. Davis*, 952 F.3d 651, 671–72 (5th Cir. 2020)). But new evidence that merely puts a claim "in a stronger evidentiary position" does not implicate this narrow exception. *Id.* at 409.

Because the Mississippi Court of Appeals already reviewed Scott's constitutional speedy trial claim on the merits, the Court may not consider Scott's new evidence. While the new documents may—at best—strengthen Scott's speedy trial argument, they do not "fundamentally" alter his speedy trial claim. And whether the documents strengthen Scott's claim is unclear given that the alleged warrants are not authenticated. Indeed, while an illegible signature

appears, the documents are not certified in any way or shown to have been issued and utilized for arrest as opposed to an arrest pursuant to the Earned Supervised Release violation.

Further, even if the Court could review the new evidence, it would not have changed the Court's findings. "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C.A. § 2254(e)(1). A petitioner must rebut this presumption with respect to a specific factual finding by clear and convincing evidence. *Valdez v. Cockrell*, 274 F.3d 941, 951 n.17 (5th Cir. 2001). Even assuming that the warrants submitted are authentic, their existence alone does not automatically lead to the conclusion that Scott was arrested in 2009 in connection to them rather than his Earned Supervised Release violation. There was evidence in the record before the Mississippi Court of Appeals that these warrants may have existed, but the state court nevertheless determined that Scott was arrested and held in 2009 due to his Earned Supervised Release— because his Earned Supervised Release was revoked and he was not indicted for the new crimes until September 26, 2011. With or without the warrants, Scott has not met his burden of proof to overcome the state court's presumption of correctness. The Mississippi Court of Appeals' overall determination was not unreasonable in light of the evidence presented in the state court proceedings. *See Valdez*, 274 F.3d at 951 n.17 (citing 28 U.S.C. § 2254(d)(2)).

### III. CONCLUSION

Scott has not made a substantial showing of a denial of his constitutional rights. His Motions to reconsider the Court's denial of a Certificate of Appealability merely reassert prior arguments that the Court has already rejected. Additionally, the Supreme Court's decision in *Pinholster* bars this Court from reviewing the evidence Scott presents now for the first time, and

such evidence nonetheless would not have altered this Court's previous findings. Scott's request for a Certificate of Appealability is denied.

THEREFORE, IT IS ORDERED AND ADJUDGED that, for the reasons stated above, the Motion to Supplement [24] is DENIED.

IT IS FURTHER ORDERED that the Motion for Certificate of Appealability [25] is DENIED.

IT IS FUTHER ORDERED that a Certificate of Appealability is DENIED.

THIS, the 16th day of March, 2022.

                                                TAYLOR B. McNEEL
                                                UNITED STATES DISTRICT JUDGE